FERRAIOLI, APPELLANT, *v.* THE REGISTRAR OF PROPERTY,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property of Ponce
Refusing to Enter a Cautionary Notice of an Order of *Lis
Pendens.*

No. 198.—Decided December 11, 1914.

CENSURE OF DOCUMENTS—POWERS OF REGISTRARS—JUDICIAL ORDERS—JURISDIC-
TION.—According to article 18 of the Mortgage Law, registrars of property
are authorized to determine whether judicial decisions presented to them for
record in the registry have been rendered by courts of competent jurisdiction.
JURISDICTION—LIS PENDENS.—Pursuant to section 4 of the Act reorganizing the
judiciary, approved March 10, 1904, municipal courts only have jurisdiction
in civil matters of cases where the subject-matter is capable of being assessed
in money and the amount does not exceed $500, including interest; therefore
a municipal court has no jurisdiction of an action whose object is not to
recover money but to obtain a judgment directing the defendant to apply for
a declaration of heirs and in a case of this kind an order issued by a
municipal court for recording a *lis pendens* in the registry of property is not
recordable.

The facts are stated in the opinion.

*Messrs. Francisco Jiménez* and *Leopoldo Tormes* for the
appellant.

Mr. José Miguel Márquez, the registrar, did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

A certificate issued by the Secretary of the Municipal
Court of Ponce was presented in the Registry of Property
of Ponce attesting that in an action brought by Blas Ferraioli
y Florenzano against Ceferina Estrada y Rosa, widow of
Grau, in regard to a designation of heirs which the plaintiff
desired the defendant to apply for in order that he might re-
cord in his name a mortgage lien for $500 which he held on
the undivided half of a house and lot belonging to the defend-
ant, the municipal court rendered judgment in favor of the
plaintiff and ordered that the proper writ be issued in du-
plicate to the registrar of property of the district for the
entry of a cautionary notice of *lis pendens.* The said certifi-

cate contains a description of the property affected by the mortgage lien.

The certificate was returned by the registrar to the interested party with the following decision:

"Admission to record of the foregoing document is denied because of the incurable defect of lack of jurisdiction of the municipal court, for the result of the action is a proceeding for a declaration of heirs, which comes under the jurisdiction of the district court. A cautionary notice has been entered for 120 days on the reverse side of page 228 of volume 27 of Ponce, property No. 1363, entry letter B."

An appeal from the said decision having been taken by Blas Ferraioli Florenzano within the proper time, we are asked to reverse the same on the ground that the municipal court has jurisdiction to compel the defendant, Ceferina Estrada, to apply to the proper district court for the designation of heirs mentioned in the complaint, and also that the registrar of property is not authorized by law to inquire into the grounds of judicial decisions or to decide as to the legality thereof for the purpose of denying admission to record of the order directed to him, as he did, on the ground that the Municipal Court of Ponce lacked jurisdiction. In support of the contention, the appellant cites the case of *Ramírez* v. *The Registrar of Property,* 16 P. R. R., 330.

Beginning by considering the last point raised, we must conclude that the case cited by the appellant as well as the cases of *Fernández* v. *The Registrar of Property,* 17 P. R. R., 1021, and *Orcasitas* v. *The Registrar of Property,* 20 P. R. R., 34, clearly support the doctrine that article 18 of the Mortgage Law confers upon registrars of property the power to determine whether judicial orders presented to them for record have been made by courts of competent jurisdiction. The respondent registrar did not refuse to record the order in the present case on the ground that it was improperly made, therefore his refusal was not based on a consideration of the grounds of the decision, but on the lack of jurisdiction of the

court to entertain the action in which the order was made, which, as we have just said, he is authorized to do.

Having settled this point, we will consider whether the court had jurisdiction of the action which gave rise to the order which is the object of this appeal.

As shown by the said order, which we have substantially reproduced at the beginning of this opinion, the object of the action was to compel the defendant to apply to a court of competent jurisdiction for a designation of heirs in order that the plaintiff might record in his name a lien which he claimed to hold on the undivided half of a house and lot, which lien appears to have originated in a mortgage security for $500. This being the object of the action, we must concur with the registrar in the conclusion that the subject-matter of the action is not within the jurisdiction of the municipal court which issued the order, inasmuch as section 4 of the Act of March 10, 1904, page 105, defines the jurisdiction of municipal courts in the following language:

"Section 4.—Except as provided hereafter in this act, the municipal judges, created hereby shall fulfill all the duties which are at present performed by the justices of the peace and municipal judges. He shall have jurisdiction in all civil matters in his district to the amount of five hundred dollars, including interest;  *  *  *."

According to the wording of this act, there is no doubt that municipal courts only have jursidiction of civil cases when the subject-matter is capable of being assessed and decided on a money value basis, provided the amount, including interest, does not exceed $500, and as the present action involves no sum of money but seeks to secure a judgment directing the defendant to apply for a declaration of heirs, it is evident that the court has no jurisdiction of the case or, consequently, to make the order issued, because the action brought is not susceptible of reduction to a money value.

For the foregoing reasons the decision appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.